IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>              Plaintiff,<br><br>vs.<br><br>SIEMENS MAINTENANCE SERVICES, LLC,<br><br>              Defendant. | ) Civil Action No. 3:07-1769-JFA-JRM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>) |

Plaintiff, the Equal Employment Opportunity Commission ("EEOC") filed this action on June 27, 2007. EEOC alleges that Siemens Maintenance Services, LLC ("Siemens") violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.[1] by failing to hire Kenneth Dewalt ("Dewalt") based on his age. Siemens filed a motion to dismiss on August 27, 2007. EEOC filed a response on September 14, 2007, and Siemens filed a reply on September 24, 2007.

## STANDARD FOR MOTION TO DISMISS

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether a court is competent to adjudicate the claims brought before it. Generally, challenges to jurisdiction under Rule 12(b)(1) may be raised in two distinct ways: "facial attacks" and "factual attacks." Thigpen v. United States, 800 F.2d 393, 401 n. 15 (4th

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(g), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

Cir.1986), rejected on other grounds, Sheridan v. United States, 487 U.S. 392 (1988). A "facial attack" questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction. Id. If a "facial attack" is made, the court must accept the allegations in the complaint as true and decide if the complaint is sufficient to confer subject matter jurisdiction. Id.

A "factual attack" challenges the truthfulness of the factual allegations in the complaint upon which subject matter jurisdiction is based. In this situation, a "district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991) (citing Adams v. Bain, 697 F.2d 1213,1219 (4th Cir.1982); Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987)). To prevent dismissal, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. (citations omitted). A dismissal should only be granted in those instances in which "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citations omitted).

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must construe factual allegations in the nonmoving party's favor and will treat them as true, Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir.1991), but is "not so bound with respect to [the complaint's] legal conclusions." Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085-86 (4th Cir.1979). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any

set of facts consistent with the allegations in the complaint." Id. at 1969. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

## FACTS IN THE LIGHT MOST FAVORABLE TO PLAINTIFF

1. Siemens Maintenance Services was established in 2002 to provide services to ensure the operating efficiency of security systems in commercial airports nationwide.

2. On approximately December 10, 2005, Dewalt applied with Siemens for a field services technician position located in Columbia, South Carolina. Dewalt was 57 years old and well qualified for the position.

3. Siemens provides that it recruited for field service technicians in Columbia by posting the position on various job boards on the internet and asking for referrals from current employees. Siemens had an outside company, Attwater Corporation, screen the resumes of the internet applications.[2] The resumes of those applicants referred by current employees and those which were recommended by Attwater after screening were referred to a Siemens' employee for an interview.

4. On January 24, 2006, Juanita Strother ("Strother"), Area Supervisor for Siemens, interviewed three candidates. These candidates were Dewalt, Danny King, and Andrew Munson ("Munson"). Munson was thirty years old and had been referred by a current Siemens' employee.

---

[2]Dewalt's application was screened by Attwater Corporation.

5. Siemens did not hire any of the candidates at that time, but decided to outsource the hiring of this and future new field service technician positions to TECH USA. Elizabeth Scott Declaration (attachment to Defendant's Motion for Summary Judgment), Paras. 5-7.

6. In February 2006, upon Siemens' recommendation (see Defendant's Motion for Summary Judgment at 4), TECH USA hired Munson as a field service technician.

7. Munson was employed by, paid by, received benefits from, reported his work hours to, and had an Employment Agreement with TECH USA. Siemens was prohibited from hiring Munson for six months. Defendant's Motion for Summary Judgment, Exhibits 2 and 3.

8. Siemens, pursuant to its contract, reserved the right to have an employee of TECH USA removed from the assigned work place when such an employee performed incompetently, uncooperatively, or otherwise in an unsatisfactory manner. Defendant's Motion for Summary Judgment, Ex. 2 at p. 4.

9. On February 17, 2006, Dewalt filed a charge of age discrimination against Siemens. He did not file a charge against TECH USA.

10. In July 2006, after the expiration of the six-month no-hire period provided in the Siemens-TECH USA agreement, Siemens hired Munson.

## DISCUSSION

Dewalt alleges that Siemens failed to hire him for a field technician position based on his age. Siemens contends that this action should be dismissed pursuant to Federal Rules 12(b)(1) and 12(b)(6).

A.      Subject Matter Jurisdiction (12(b)(1))

Siemens contends that this court lacks subject matter jurisdiction over Siemens because Siemens was not an "employer" under the ADEA with respect to the facts underlying this action and thus it is not a proper party to this case. The EEOC argues that whether Siemens was an employer as to Dewalt for purposes of the ADEA is a factual element of the EEOC's claim and does not pertain to subject matter jurisdiction of the federal courts.[3]

The EEOC, citing Arbaugh v. Y & H Corp., 546 U.S. 500 (2006), argues that a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1) is not appropriate where a defendant is arguing that it is not an "employer." In Arbaugh, the Supreme Court held that the employee-numerosity requirement for establishing "employer" status under Title VII was an element of the plaintiff's claim for relief rather than a jurisdictional requirement. Siemens argues that the Supreme Court and the Fourth Circuit have never held that the reasoning of Arbaugh applies to the ADEA.

Under the ADEA, it is unlawful for an employer "to fail or refuse to hire....any individual ...because of such individual's age." 29 U.S.C. § 623(a)(1). The term "employer" means:

> a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year....The term also means (1) any agent of such a person....

29 U.S.C. § 630(b). An "employee" is "an individual employed by an employer." 29 U.S.C. § 630(f).

---

[3]The EEOC also appears to argue that it has facially alleged subject matter jurisdiction because it stated in the complaint that this action is brought under 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1343, 28 U.S.C. § 1345, and 29 U.S.C. § 216(c). Complaint at Para. 1.

Other courts have applied the reasoning of Arbaugh to cases under the ADEA. In Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256 (11th Cir. 1997), a physician who worked under contract with a provider of emergency room doctors to hospitals alleged that he was terminated based on his age in violation of the ADEA. At the conclusion of a jury trial (but before the case was submitted to the jury), the Magistrate Judge made a factual determination that Defendant was not an "employer" as defined by the ADEA and dismissed the case for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1). The Eleventh Circuit held on the facts of that case that whether or not the defendant was an "employer" was an element of an ADEA claim and the question was one of fact that should have not been resolved under a 12(b)(1) motion, but should instead have been analyzed as a 12(b)(6) motion or a Rule 56 motion for summary judgment. In Simons v. Harrison Waldrop & Uhereck, L.L.P., 2006 WL 1698273 (S.D.Tex. June 14, 2006), the district court found that "the reasoning employed in Arbaugh should be applied to the numerosity requirement under the ADEA." Id. at *1.[4]

---

[4] Other courts considering the question of whether a defendant is an employer for reasons other than numerosity have denied 12(b)(1) motions. In Bryant v. Clevelands, Inc., 193 F.R.D. 486 (E.D.Va. 2000), the defendant argued that the plaintiff's Title VII claim should be dismissed because it was not her "employer" and the plaintiff instead was employed by a separate, independent corporation. The plaintiff claimed that although there was not a direct employment relationship between the two, employer status could be established based on the fact that defendant was a "joint employer" with the separate company and that the defendant was an "integrated employer" with the separate company. The court, in denying the motion noted:

> Because the court's determination of whether it has jurisdiction hinges upon whether defendant is an "employer" under the statute, the jurisdictional determination effectively decides a threshold substantive dispute between the parties. Accordingly, a 12(b)(1) motion is not the appropriate vehicle to resolve the jurisdictional factual dispute between the parties.

Id. at 489. In Hopkins v. Cornerstone America, 2007 WL 959042 (N.D. Tex, March 30, 2007), the court denied the defendant's 12(b)(1) motion, concluding that the determination of whether a plaintiff was an employee or independent contractor under the FLSA did not affect federal-court

(continued...)

The parties do not appear to dispute that whether Siemens was Dewalt's "employer" is an element of his claim. Although this action does not concern a question of numerosity, one of the issues is whether Siemens is an "employer" for purposes of the ADEA. When the jurisdictional facts are intertwined with facts central to the merits of a case, "[t]he proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." United States v. North Carolina, 180 F.3d 574, 580 (4th Cir.1999)(quoting Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir.1997))(Rule 12(b)(1) motion is not a proper vehicle to resolve jurisdictional issue in Title VII case where the merits and jurisdictional questions are closely related); Bryant, 193 F.R.D. at 488-89 (same); McGinnis v. Southeast Anesthesia Assocs., P.A., 161 F.R.D. 41, 44 (W.D.N.C. 1995)(same). As the jurisdictional facts are intertwined with the facts of the case, it is recommended that Siemens' motion to dismiss pursuant to Rule 12(b)(1) be denied.

B.     Failure to State a Claim (12(b)(6))

Siemens contends that the EEOC fails to state a claim under the ADEA because the EEOC has not stated a prima facie case. Specifically, Siemens argues that the EEOC fails to state a claim because it does not allege that Siemens rejected Dewalt's application and thereafter hired another person for the position at issue (or that the position remained open after Dewalt applied for the position). The EEOC claims that the complaint sufficiently states a claim for relief because each of the four elements of its prima facie case has been alleged. Specifically, the EEOC argues

---

[4](...continued)
subject matter jurisdiction, but delineated a "substantive ingredient" of the claim for relief. Id. at *7.

that it has alleged that Dewalt was 57 years old at the time of his application; he applied for a field services technician position with Defendant and was qualified for the job; and that despite his qualifications, Siemens rejected Dewalt and selected a 30 year old for the position. Plaintiff's Complaint, Para. 7. The EEOC argues that Siemens did not fail to fill the position by simply transferring the job to TECH USA because the individual selected was from the candidates who applied to Siemens under its requisition, Siemens directed TECH USA to hire Munson, and Siemens hired Munson approximately six months later.

Under the alternative burden-shifting method of proof of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973),[5] a plaintiff may establish a prima facie case of age discrimination under the ADEA by proving that: (1) he was a member of the protected class (at least forty years old); (2) he applied for and was qualified for the position; (3) he was not selected for the position; and (4) thereafter the position remained open and the employer continued to seek candidates with comparable qualifications for the position or, if the employer fills the position, a plaintiff must show that the position was filled by a person outside of the protected class. See O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308 (1996); Kinnally v. Marriott Int'l, Inc., 2006 WL 22182 (D.S.C. January 4, 2006).

In the light most favorable to the EEOC, it has articulated enough facts to state a claim for relief that is plausible on its face. Although Siemens did not fill the field technician position, it appears to have simply forwarded the applicants' information to TECH USA and recommended that TECH USA hire Munson (who the parties do not dispute was outside the protected class). Additionally, Siemens hired Munson approximately six months later.

---

[5]The EEOC has not alleged that it has any direct evidence of discrimination.

## CONCLUSION

Based on the foregoing, it is recommended that Defendant's motion to dismiss (Doc. 6) be denied.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

February 27, 2008
Columbia, South Carolina